JOHN HENRY CHARLES BUSSING and PAULINE BUSSING, Appellants, *v.* ADOLPHINE W. WHITAKER, Respondent, Impleaded with JAMES WESTBERG and Others, Defendants.

Second Department, March 16, 1917.

Mortgage — foreclosure — right of one who has paid first mortgage to subrogation as against holder of second mortgage — County Court — jurisdiction — appeal — when plaintiff not allowed to dispute validity of method by which decision was reached.

Where a woman advanced in age at the request of her nephew, an owner of land, paid a first mortgage thereon and took the same with a satisfaction which she filed and also took a new mortgage given her by her nephew with a representation that it was the first lien, she is entitled to be subrogated to a second mortgage.

Where in an action by the owners of the second mortgage to foreclose the same the holder of the new mortgage appears by attorney but does not answer and at the sale appears with another attorney and forbade it, the proceeds being insufficient to satisfy the liens, and a motion to set aside the sale is denied, but the owner of the new mortgage is allowed by answer to raise the question of subrogation, the County Court, in view of section 348 of the Code of Civil Procedure has jurisdiction to try the issue.

The plaintiff's attorney, having consented to the decision of the court denying the motion to set aside the sale allowing subrogation and awarding the proceeds of the sale to the holder of the new mortgage may not dispute the validity of the method by which the decision was reached.

APPEAL by the plaintiffs, John Henry Charles Bussing and another, from a judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 18th day of September, 1916, upon the decision of the court after a trial before the judge without a jury, and also from an order entered in said clerk's office on the 29th day of May, 1916.

*John L. Danzilo*, for the appellants.

*Edward J. Rose*, for the respondent.

THOMAS, J.:

The respondent, Mrs. Whitaker, a woman advanced in age, at the request of her nephew, who owned the land, paid to Muir, the holder, a mortgage thereon, took the same with the

accompanying bond and a satisfaction thereof, caused the satisfaction piece to be filed, as well as a new mortgage given her by her nephew with a representation that it was the first lien. She has been allowed subrogation to the rights of the holder of the discharged mortgage, because there was a second mortgage, owned by the plaintiffs, which of record became the first upon the satisfaction of the Muir mortgage. The plaintiffs' mortgage was expressly subjected to the Muir mortgage, and thus far nothing appears that would ordinarily preclude subrogation, when the respondent, who had relied on her nephew's statement, discovered the facts, although she or her agent did not search the record. However, the plaintiffs began a foreclosure of what, from a second, had the standing of a first mortgage, and made Mrs. Whitaker a defendant, and alleged that her interest was subject to plaintiffs' lien. She took the summons and complaint to a lawyer, who appeared, but did not answer. Before the sale she employed another attorney, and together they attended at the time of sale and forbade it, whereupon the premises were sold for a sum insufficient to pay the liens. She and her lawyers had ample time to know the facts, and to take steps to protect their rights. It is not clear what was done in that regard, but after the sale it was moved that it be set aside, that her default be opened, and that she be allowed to answer asking for subrogation. Had that been done, the present complication might not have arisen, inasmuch as Mrs. Whitaker could and should have been subrogated to the Muir mortgage, and perchance a new sale had at a more adequate sum than that produced by the sale, where the bidding was influenced, perhaps, by the doubt that Mrs. Whitaker cast on the title. The motion to set aside the sale was denied, but Mrs. Whitaker was allowed by answer to raise the question of subrogation, which she did, whereupon the court decreed subrogation and that thereby she was entitled to the proceeds of sale. The plaintiffs appeal from the judgment, and all of the order denying the motion to set aside the sale but allowing her to raise and to try the issue. The conclusion has been reached, especially in view of section 348 of the Code of Civil Procedure, that the County Court had jurisdiction to try the issue, and that upon the facts it properly

decided the question of subrogation. But that does not mean that the court providently denied the motion to set aside the sale, and placed the proceeds at the disposition of such judgment as it should make. It is too late to correct the order in that regard. It is the opinion of the court that plaintiffs are not in a position to gainsay part of the order permitting defendant to answer and the court to try the issue. Plaintiffs' attorney consented to the entry of the order, and also that an order be entered that the case be placed on the calendar for trial before Judge Roy, without a jury. The consent does not, it is considered, run to the form of the orders, but denotes participation in the course adopted to determine the question of subrogation and the disposition of the fund. Having voluntarily taken the chance of the decision, they should not be heard to dispute the validity of the method by which it was reached.

The judgment and order of the County Court of Kings county should be affirmed, with costs.

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment and order of the County Court of Kings county affirmed, with costs.