EASTERN OPTICAL COMPANY, INC., Appellant, v. GENERAL OPTICAL
COMPANY, Respondent.

First Department, February 4, 1927.

Interpleader — action to recover royalties under license agreement with
defendant — licensee had agreement with holder of patent to effect
that in case of insolvency, rights would revert to holder of patent —
assets of corporation holding rights from patentee were sold in equity
by receiver — present plaintiff acquired rights of original licensee —
said patentee properly brought in under Civil Practice Act, § 287, as
party defendant, defendant herein admitting liability but being unable
to determine to whom it is liable — order directing plaintiff to serve
supplemental complaint on patentee to show plaintiff's right to recover
as against patentee was improper.

This is an action in which the plaintiff seeks to recover the stipulated royalties
under an agreement entered into between a licensee and defendant whereby the
defendant was given the privilege of manufacturing and selling patented instru-
ments.  The patentee was properly interpleaded as a defendant under section
287 of the Civil Practice Act, since it appears that he transferred letters patent
to a corporation by an agreement which contained a provision that in the
event of bankruptcy or insolvency of the corporation the rights to letters patent
would revert to the patentee; that in an action against said corporation,
receivers in equity were appointed in the Federal court and the assets sold and
thereafter the plaintiff became the owner of all of the assets of the original
corporation, including the letters patent, and that the original patentee served
a notice on the defendant, without collusion, to the effect that the patent had
reverted to him and that no further payments of royalties should be made to
the plaintiff.  Under the circumstances, the defendant had the right to have
the original patentee impleaded, since there was grave doubt as to whom the
defendant was liable for royalties, which it admitted were due to one or the
other.

The court should not have directed the plaintiff to serve a supplemental complaint
setting forth the additional necessary facts to show that the plaintiff has the
right to recover the amount claimed as against the patentee, for the plaintiff
claims no such right.  The court should not have gone further than to provide
that the patentee be made a party to the action, that the order and original
complaint be served upon him, that the plaintiff might serve upon the new party
and the attorney for the defendant a further complaint, if so advised, that the
new defendant appear and plead to the order or to the complaint herein or make
such motion as he might be advised to make under penalty that if he should fail
to come in and plead an adjudication would be rendered against him.

APPEAL by the plaintiff, Eastern Optical Company, Inc., from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 26th day of November, 1926, granting defendant's
motion made under section 287 of the Civil Practice Act to add
Michael Woolf as a party defendant and prescribing the procedure

to be followed by the respective parties upon his becoming a party to the action.

*Henry Amster*, for the appellant.

*Henry B. Johnson* of counsel [*Niles & Johnson*, attorneys], for the respondent.

MARTIN, J.  The defendant sought an order interpleading Michael Woolf as defendant in its place and stead, discharging it from liability to the plaintiff or the said Woolf on payment into court of the sum of $5,156.17, or in the alternative that he be added as a party defendant and the defendant discharged from liability to either the plaintiff or Woolf.  The court granted the motion to the extent of joining Woolf as a party defendant.

On this appeal plaintiff asserts that no such relief should have been granted and that the procedure to be followed, assuming that the motion should be granted, is not that prescribed in the order from which the appeal is taken.

The action was brought to recover the sum of $6,000 and interest alleged to be due as royalties under a licensing agreement entered into between the defendant and the plaintiff's predecessor in title, by which the defendant was licensed to manufacture a certain optical instrument under letters patent.

The moving papers set forth that the letters patent were originally owned by Michael Woolf; that they were transferred by Woolf to the Woolf Instrument Corporation by an instrument containing a provision that, in the event of the bankruptcy or insolvency of the Woolf Instrument Corporation, all rights under the said patent should revert to the said Woolf; that an agreement was later entered into, between the Woolf Instrument Corporation and the defendant, by which the defendant was licensed to make and sell instruments like or substantially like the instruments covered by the letters patent, upon the licensee's agreeing to make payments of royalties to the licensor quarterly in each year during the life of the patent; that the name of Woolf Instrument Corporation was changed to Eastern Optical Company, Inc.; that in an action instituted against the said Eastern Optical Company, Inc., a Delaware corporation, receivers in equity were duly appointed for it in the Federal court for the Eastern District of New York; that the assets were sold by the receivers and that thereafter the plaintiff corporation, a New York corporation, became the owner of all of the assets and effects of the *old* Eastern Optical Company, Inc., including the letters patent mentioned; that on or about January 31, 1925, a notice was given to the defendant General Optical Company, on behalf of the said Woolf, to the effect that

the insolvency of his said assignee had occurred, that the patent, therefore, had reverted to him, and that no further payments of royalties be made excepting to him.

The moving papers further set forth figures showing that, for the period to which plaintiff's claim relates, the defendant admits liability to the extent of $5,156.17, plaintiff having stated the claim at $6,000. It is also averred that the respective claims of the plaintiff and of the said Woolf have been made without collusion between defendants; that the defendant has no interest in the said sum, excepting to pay it to the person rightfully entitled thereto; and that it is in doubt and cannot safely determine to which of the claimants it should be paid, but is ready and willing to pay it into court, together with any interest thereon that may be due, upon being discharged from liability.

Notice of the application was given both to the defendant and to Woolf, and upon the hearing Woolf appeared by attorney and joined in the prayer of the defendant.

The order appealed from directs the plaintiff to serve upon Woolf a copy of the order and of the complaint, and to serve upon Woolf and upon the defendant's attorneys a supplemental complaint " setting forth such additional facts as may be necessary to show that the plaintiff has a right to recover the amount claimed as against said Michael Woolf."

It is clearly proper to bring in Woolf as a party defendant pursuant to section 287 of the Civil Practice Act. As pointed out in the moving papers, the proceedings in which the receivers for the licensor were appointed, the contents of the petition therein and the admissions made on behalf of the said licensor corporation, as well as the sale and the price obtained, together with the provision for title reverting to Woolf, referred to above, reasonably give rise to proponent's fears that it may become the innocent victim of the controversy which is essentially one between the plaintiff and Woolf.

The court directed the plaintiff to serve a supplemental complaint setting forth the necessary additional facts to show that the plaintiff has a right to recover the amount claimed as against said Michael Woolf, whereas counsel for plaintiff says it makes no such claim. In this respect we think the court should have gone no further than to provide that the additional defendant be made a party to the action, for the service of the order and complaint, and to provide that the plaintiff may serve upon the said Michael Woolf and the attorney for the defendant, General Optical Company, a further complaint, if so advised, and requiring said Woolf to appear and plead thereto or to the complaint herein or make

such motion as he may be advised, under penalty, should he fail to come in and eventually plead, of an adjudication against him. The order as modified should be affirmed.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed. Settle order on notice.