BECK CHEMICAL EQUIPMENT CORPORATION, Respondent, *v.* BEATTIE MANUFACTURING COMPANY, Defendant, and LAWRENCE J. BECK, Newly Impleaded Defendant, Appellant.

First Department, March 10, 1944.

*William St. John Tozer* for impleaded defendant Lawrence J. Beck, appellant.

*Irwin H. Rosenberg* of counsel (*Rosenberg & Rosenberg,* attorneys), for respondent.

*Per Curiam.* Appellant was impleaded under section 287 of the Civil Practice Act. The order bringing him in (submitted to us by stipulation), instead of directing service of a copy of the complaint on him (see *Eastern Optical Co.* v. *General Optical Co.,* 219 App. Div. 294), provided that he be served with a copy of the original defendant's supplemental answer. What appellant did was to answer the complaint and to assert

counterclaims as against plaintiff, along with other persons who were not parties to the action. We find no authority for this practice, especially in view of the form of the order bringing defendant in. In the absence of an appeal from that order, it controls appellant in that he may not answer a complaint not served on him.

Section 271 of the Civil Practice Act does not aid appellant. That section was derived from the English Rules of the Supreme Court. Its counterpart as construed by the courts of England does not permit an impleaded defendant to counterclaim, even as against the original plaintiff. (*Street* v. *Gover*, [1877] 2 Q. B. D. 498; *Eden* v. *Weardale Iron and Coal Co.* [1884], 28 Ch. D. 333; *Alcoy and Gandia Ry. and Harbour Co.* v. *Greenhill*, [1896] 1 Ch. 19.)

The present case is not one where a defendant has been impleaded by an original defendant for indemnity or contribution. Appellant was brought in as an adverse claimant to the fund sought by plaintiff. Section 287 of the Civil Practice Act requires that after interpleader all the issues shall be tried in the action. In view, however, of the form of the order bringing appellant in, we need not determine whether, if such order had permitted him to plead to the complaint, he might not have asserted a counterclaim against plaintiff, provided such a counterclaim were necessary for the complete determination of the issues concerning the disputed fund. It is sufficient to hold that under the present circumstances such a counterclaim was unauthorized.

The order should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant Beck to serve an amended pleading within ten days after service of order on payment of said costs.

Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant to serve an amended pleading within ten days after service of order on payment of said costs.