ARTHUR SCHUSSLER, Plaintiff, *v.* HARRY W. RICHARDS, Defendant.

Supreme Court, Special Term, Westchester County, January 29, 1946.

*Fiero & Fiero* for plaintiff.

*Stotesbury & Bolton* for defendant.

SCHMIDT, J. This is an action on a series of notes. The defendant interposes an answer alleging usury '' as a separate defense and as a counterclaim.'' Under the present wording of section 262 of the Civil Practice Act it appears that an affirmative judgment need not be demanded. The *nature* of a counterclaim has not been changed by section 262 as amended in 1936 (L. 1936, ch. 324). Prior to that amendment an affirmative judgment had to be demanded on a counterclaim. Usury is a defense and under a proper showing of facts it may also be a basis of a counterclaim. The defendant's contention appears to be that calling his alleged defense of usury a counterclaim as well makes it such and entitles him to have the case stricken from the calendar since no reply was served. The plaintiff contends that since the elements of a counterclaim, i.e., a cause of action, are not alleged and the defense is merely called a counterclaim, no reply is required.

The court should look to the substance rather than the words. Under the facts as alleged the counterclaim is in actuality only a defense and no reply is required. If, however, the defendant wishes to serve an amended answer setting forth allegations which will show the usury as a proper counterclaim, i.e., a real cause of action instead of merely a defense to the plaintiff's claim, he should have the opportunity. The motion to strike from the calendar is, therefore, denied, with leave to defendant to serve an amended answer within ten days of service of a copy of the order to be entered hereon, and leave to plaintiff to serve a reply within ten days thereafter if an amended answer is served which sets forth an actual counterclaim.

Settle order on two days' notice.