JAMES D. GOLDING, Plaintiff *v.* CHARLOTTE VEAL et al., Defendants

Supreme Court, Special Term, Kings County, December 12, 1947.

*Louis Ruben* for plaintiff.

*Samuel Mandell* for Charlotte Veal and another, defendants.

FROESSEL, J. The plaintiff, as an alleged holder for value of five $100 postdated checks, made by the defendant Charlotte Veal to the order of the defendant Rosenberg, and indorsed by the defendant George Veal before delivery, moves to strike from the answer of the defendants Veal the two cross claims which they have asserted pursuant to section 264 of the Civil Practice Act against their codefendant Rosenberg, upon the ground that they cannot be properly interposed in this action. (Rules Civ. Prac., rule 109, subd. 4.)

Under the first cross claim, damages are sought against Rosenberg in the sum of $3,000, it being alleged that the checks sued upon were delivered to Rosenberg in part payment of certain work, labor and materials required by an agreement with him, which he failed to complete and which he further

breached by his failure to pay creditors for material and equipment furnished, and that the checks were executed and delivered to him upon his representation that the work had been completed and fully paid for, which representation was untrue. It is then further alleged, upon information and belief, that the plaintiff never gave any consideration nor parted with any value for the checks described in the complaint, and that he is not a bona fide holder for value, and received the same with knowledge of the breach of the agreement and of the misrepresentations.

Under the second cross claim, damages are sought in the sum of $1,250, it being alleged that the Veals executed and delivered a conditional sales contract to Rosenberg to secure the payment of certain work, labor and materials, and as further security therefor agreed to execute and deliver to him a series of twenty-four promissory notes, each for $466.67, the first to become due on January 30, 1947, and the remainder monthly thereafter, that in December, 1946, Rosenberg requested the Veals to sign a series of incomplete promissory notes in blank, bearing no payee's name, without any date and without any amount, upon his representations that these promissory notes were in accordance with the agreement of the parties, and they were delivered in reliance upon such representations; that Rosenberg thereafter filled in these notes and negotiated them without the makers' knowledge and consent and without any consideration, " all in perpetration of a fraud committed by the defendant, Rosenberg."

Section 264 of the Civil Practice Act, as amended by chapter 971 of the Laws of 1946, permits a determination of " the *ultimate* rights of the parties on the same side, as between themselves, or of a party who claims that any other party to the action *is or may be liable to him for all or part of a claim asserted against him* in the action," (italics mine) and provided that the judgment in the main controversy shall not be delayed by the controversy between the parties as aforesaid.

It is clear from the express language of said section that not every controversy between the parties in an action may be asserted. A cross claim may not set forth an independent cause of action by one codefendant against another not connected with the cause of action set forth in the complaint. (*Jefno Realty Corp.* v. *Lloyds Film Storage Corp.*, 191 Misc. 471, and cases therein cited.)

It follows that the second cross claim, which has no relation whatsoever to the plaintiff's causes of action, has been improp-

erly asserted in this action and is therefore dismissed, without prejudice. By the same token, the motion with respect to the first cross claim is denied as, in part, it involves directly the plaintiff's recovery. Settle order.