THOMAS A. PARETTA, Doing Business under the Name of THOMAS A. PARETTA Co., Plaintiff, *v.* WHITE ACRES REALTY CORP., et al., Defendant.

Supreme Court, Special Term, Queens County, January 16, 1948.

*Max E. Greenberg* and *Oran C. Herwitz* for plaintiff.

*Louis Rous* and *Isidor Enselman* for Gillman-Rous-Pesce Corp., defendant.

HALLINAN, J. Plaintiff, a general contractor, brought this action to foreclose a mechanic's lien in the amount of $12,635.96 against White Acres Realty Corp., the owner, and Gillman-Rous-Pesce Corp., the subcontractor. The owner, after denying the material allegations of the complaint, alleged as a counterclaim that plaintiff breached his contract by failing to supply proper materials and to perform the work in a good workmanlike manner and asks damages of $21,350. The subcontractor in its answer cross-complained against the owner for foreclosure of its mechanic's lien in the sum of $3,529.99 and counterclaimed against the plaintiff for a money judgment in that sum. Plaintiff in his reply to the subcontractor's answer, after certain denials, cross-claimed for any amount which the owner might recover from the plaintiff on its counterclaim, on the ground that any alleged failure of performance on plaintiff's part was due to the subcontractor's failure to perform its subcontract with plaintiff. Plaintiff's cross complaint was erroneously designated a " counterclaim ".

The defendant subcontractor now moves to strike out plaintiff's cross complaint on the ground that it is unauthorized in a reply. (Civ. Prac. Act, § 272.)

The fact that the allegations have been designated a " counterclaim " is not controlling. The court will look at the substance and not at the label. (*Teitelbaum* v. *Goodman,* 51 N. Y. S. 2d 682; *Schussler* v. *Richards,* 186 Misc. 963.) Section 266 of the Civil Practice Act defines a counterclaim as a cause of action in favor of the defendants against the plaintiffs. A claim for liability over under section 264 of the Civil Practice Act presents a situation in which the person sued does not counterclaim against his suitor, but against someone else for indemnity in the amount recovered by the suitor. " All that is required by Section 264, Civil Practice Act, is a demand, in an answer by a defendant, that the ultimate rights of such defendant be determined, as against another, or others, also charged with

liability to a plaintiff." (*McCreech* v. *Howard R. Ware Corp.*, 53 N. Y. S. 2d 192, 193.) In the instant case, the plaintiff, in his reply to the subcontractor, is not trying to offset its claim against him, but is seeking reimbursement for any amount which he may be called upon to pay to the owner by reason of any fault for which the subcontractor was primarily liable. It is apparent, therefore, that these allegations constitute not a counterclaim, but a cross complaint pursuant to section 264 of the Civil Practice Act.

Section 264 of the Civil Practice Act permits a party, who claims that any other party to the action may be liable to him for all or part of the claim asserted against him in the action, to have his ultimate rights determined. The purpose of this section is to avoid multiplicity of suits and to settle in one action all the rights of the various parties arising out of the same transaction rather than to relegate them to separate actions to be commenced after judgment. (*Patterson* v. *City of New York*, 185 Misc. 610.) The object of section 45 of the Lien Law is similar. (*Mellen* v. *Athens Hotel Co.*, 149 App. Div. 534.) Formerly section 264 of the Civil Practice Act limited this right to a *defendant* who demanded it in his *answer* against a *codefendant*. Since the amendment of that section, however, *any party* may cross-claim against *any other party* by demanding such relief in his *pleading*. (L. 1946, ch. 971, eff. Sept. 1, 1946.)

Had one of the defendants here cross-claimed against its codefendant, there would be no problem, for the subcontractor's objection is based solely on the fact that the cross claim is contained in plaintiff's reply, which, under section 272 of the Civil Practice Act, may contain only denials and defenses. The question thus presented is whether a plaintiff, against whom one defendant has interposed a counterclaim, can set up in his reply a claim for liability over against another defendant.

Before the amendment of 1946, a defendant could cross-claim in his answer. The substitution of the word " party " for the previous term " defendant " evinced an intention to permit a plaintiff to make a cross claim for indemnity. Obviously, a plaintiff cannot cross-claim in his complaint because at that stage of the pleadings no claim has been made against him. It is only in the answer that a counterclaim against the plaintiff can be presented. Thus, if we are to give any meaning to the amendment, we are forced to the conclusion that the plaintiff may assert a cross claim in his reply. It is the first and only opportunity which the plaintiff has to make a cross claim. This

construction is further borne out by the fact that the amendment substituted the word " pleading " in place of " answer ".

This interpretation effectuates the intent and purpose of section 264 of the Civil Practice Act, that is, to settle in one action all disputes existing among the litigants arising out of the same transaction. Moreover, the distinction between a counterclaim and a cross claim indicates that the considerations against permitting a plaintiff to counterclaim in the reply have no validity with respect to his right to cross-claim.

Nor is there any merit in defendant subcontractor's further contention that if plaintiff's cross claim be permitted to stand in the reply, some further pleading is necessary on the part of the defendant lest the cross claim be deemed admitted. Section 243 of the Civil Practice Act provides that an allegation of new matter in a reply is to be deemed controverted. Similarly, section 422 of the Civil Practice Act provides that an issue of fact arises " Upon a material allegation of new matter, contained in the reply." It has been held that an answer containing a claim over among codefendants does not require a reply. (*Furshpin* v. *Monticello Co-Operative Fire Ins. Co.,* 249 App. Div. 366.)

The case of *Phillips* v. *Manufacturers Trust Co.* (175 Misc. 1009, 1010, affd. 261 App. Div. 946) is inapposite. There the plaintiff attempted to allege in his reply allegations " in the nature of matter in recoupment ". Recoupment is defined in Black's Law Dictionary (3d ed., p. 1507) as the right of a defendant to have a reduction from the amount of plaintiff's damages. This is quite different from a claim for liability over against some other party to the action.

Accordingly, the motion to strike out the cross claim is denied. Let the order hereon be settled on notice.