DAN FELDSTEIN, Appellant, v. ALENE P. BEVIER, Defendant-Respondent and Third-Party Plaintiff. CITY OF NEW ROCHELLE, Third-Party Defendant-Respondent.— In an action, under article 15 of the Real Property Law, to compel a determination of a claim to real property, order denying in part plaintiff's motion to strike out defenses and counterclaims from the answer of the defendant-respondent, as sham and insufficient, affirmed, with $10 costs and disbursements. Order, made on reargument, denying plaintiff's motion to strike out defenses and counterclaims from the answer of the third-party defendant-respondent as sham, insufficient, and not properly interposed, modified by striking out the second ordering paragraph and inserting in place thereof a paragraph providing that appellant's motion be granted to the extent of striking from the answer of the third-party defendant the matter designated, " Second Separate and Complete Defense ", and the following words

appearing at folio 190 of the papers on appeal, " and by way of Counter-claim ". As thus modified, the order, insofar as appeal is properly taken, is affirmed, without costs. Insofar as the appeal is from the portion of the order which grants reargument, the appeal is dismissed, without costs. The second defense in the answer of the third-party defendant, which asserts a six months' Statute of Limitations as a bar, is not available because the action by the plaintiff against the defendant (third-party plaintiff) was commenced within the six months' period and the third-party defendant may not assert a defense not available to the defendant (third-party plaintiff). (Civ. Prac. Act, § 193-a, subd. 2.) The counterclaim in the answer of the third-party defendant may not be asserted by that party against the plaintiff where the plaintiff makes no claim against the third-party defendant. (Civ. Prac. Act, § 193-a, subd. 3.) Johnston, Adel, Wenzel and MacCrate, JJ., concur; Carswell, Acting P. J., concurs in the result.