John P. Lomenzo, J.
The plaintiffs sue as assignees of a cause of action which their assignor, Milton ft. McGregor, has against the defendant third-party plaintiff by reason of an undertaking given upon an order of arrest procured by the third-party defendant in a Supreme Court action which action resulted in summary judgment for the plaintiffs ’ assignor and the discharge of said order of arrest. The undertaking is in the form prescribed by section 835 of the Civil Practice Act, and the plaintiffs, as assignees, sue the American Surety Company upon the undertaking for the sum of $1,500 to recover the fair and reasonable value of legal services rendered to the assignor in the aforesaid Supreme Court action in successfully defending against the arrest, together with expenses and disbursements incurred.
The answer of the third-party defendant, paragraphs “ Fifth ” through “ Tenth ” alleges a separate counterclaim and setoff against the plaintiffs. This counterclaim and setoff alleges a final decree of divorce which was granted in the State of Florida in favor of the plaintiffs’ assignor and against the third-party defendant; that one of the terms of the said divorce decree requires the plaintiffs ’ assignor to pay to the third-party defendant the sum of $20 a week as permanent alimony; that the plaintiffs’ assignor has made no payment of alimony pursuant to the said decree since January 9,1954 amounting to an arrearage of $2,260 and the third-party defendant demands judgment dismissing the complaint of the plaintiffs and for such affirmative judgment as to the court may seem just and proper.
*611 The plaintiffs now move the court for an order striking out paragraphs “ Fifth ” through “ Tenth ” inclusive of the answer of the third-party defendant, which paragraphs are designated as “a first and separate counterclaim against plaintiffs and by way of set-off ”. Subdivision 3 of section 193-a of the Civil Practice Act permits a third-party defendant to interpose a counterclaim against the plaintiff only if the plaintiff amends his pleading to assert a claim against the third-party defendant. (Psaty & Fuhrman, Inc., v. Continental Cas. Co., 278 App. Div. 159; see, also, Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 213.)
The plaintiffs here have asserted no claim against the third-party defendant and, consequently, the third-party defendant is disallowed to assert a counterclaim or “ setoff” against the plaintiffs. Nor can the allegations contained in the third-party defendant’s counterclaim be set forth as an affirmative defense against the plaintiffs. The aforesaid statute permits the third-party defendant to assert against the plaintiff only those defenses which the third-party plaintiff (the American Surety Company of New York) may have to the plaintiffs’ claim. The third-party plaintiff (the American Surety Company of New York) does not assert nor does it have a defense of nonpayment of alimony by plaintiffs’ assignor to the third-party defendant. (Feldstein v. Bevier, 278 App. Div. 828.) The issues raised by the third-party defendant’s counterclaim are entirely independent of and disconnected with the demand of the plaintiffs upon the undertaking against the third-party plaintiff.
The contentions of the third-party defendant relative to the provisions of sections 267 (subd. 1) and 474 of the Civil Practice Act are untenable. These sections are not to be read in contravention of subdivision 2 of section 193-a.
The motion is granted, without costs.