■ LAWRENCE KAGAN, as General Assignee for the Benefit of Creditors of DAVID GOLDBLATT et al., Doing Business as SHOPPERS MART OF FLUSHING, Appellant, v. MICHAEL BLOOM et al., Respondents.— In an action against a New York City marshal and others to recover damages because of allegedly illegal acts in connection with the sale of personal property of appellant's assignors under an execution issued to the marshal, the appeal, on a bill of exceptions, is from a judgment in favor of the respondents, entered upon the verdict of a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ JOSEPH T. LOSEE, as Trustee under the Will of WALTER H. JAYCOX, Deceased, et al., Appellants, v. GERTRUDE T. ELFMONT, Individually and as Executrix of HASKA M. TELLMAN, Deceased, Respondent, et al., Defendants.— Pursuant to a judgment of foreclosure and sale rendered by the County Court, Suffolk County, the Referee sold the mortgaged premises and delivered his deed to the purchaser. About eight months later the Referee executed a new deed, called a "correction deed", and it is stated that the purchaser accepted the "correction deed". The Referee thereafter made a report of sale. Plaintiffs' motion for confirmation of the Referee's report and for leave to enter a deficiency judgment, pursuant to section 1083 of the Civil Practice Act, was granted as to the confirmation of the report and was denied as to the entry of a deficiency judgment. The cross motion of defendant Elfmont to declare the "correction deed" a nullity was granted. Plaintiffs appeal from the order entered thereon, contending (1) that the sale was not consummated by the delivery of a "proper" deed until the "correction deed" was delivered, and that the 90-day period within which to apply for a deficiency judgment commenced to run at that time, and (2) that section 1083 cannot be constitutionally applied to their mortgage contract which was executed in 1926, prior to the 1938 amendment to section 1083. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ MASSEY CONCRETE PRODUCTS COMPANY, Appellant, v. WILLIAM POWELL, Defendant and Third-Party Plaintiff-Respondent. GREAT EASTERN FUEL CO., INC., Third-Party Defendant-Respondent.— Action to recover for goods sold and delivered, in which the defendant-respondent, the contract debtor, makes no defense to appellant's demand but by a third-party complaint brings in Great Eastern Fuel Co., Inc., which, in its third-party answer, seeks to offset appellant's demand by an asserted claim in negligence. The appeal is from an order denying appellant's motion to strike out the answer and for summary judgment pursuant to rules 112 and 113 of the Rules of Civil Practice. Order modified by striking from the ordering paragraph "in all respect[s] denied" and by substituting therefor a provision that the motion for summary judgment striking out the answer be granted pursuant to rule 113 of the Rules of Civil Practice, and that in all other respects the motion be denied. As so modified, order affirmed, with $10 costs and disbursements to appellant payable by both respondents, and third-party action dismissed. The record discloses that Great Eastern, the third-party defendant, is not attempting to assert a defense which Powell, the third-party plaintiff, had against the claim of Massey Concrete Products Company, the plaintiff in the main action. Such counterclaim could not be interposed since Massey has made no claim against Great Eastern (*Feldstein* v. *Bevier,* 278 App. Div. 828). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.