James S. Bbowít, J.
Plaintiff moves to dismiss pursuant to subdivisions 4 and 5 of rule 109 of the Rules of Civil Practice, a claim against it by Standard Accident Insurance Co. (hereinafter called Standard) which was brought in as a party defendant to answer the counterclaim asserted by defendant Lasker-Groldman Corp. (hereinafter called Lasker) against the plaintiff and Standard.
Plaintiff’s action against Lasker is one to recover a balance due for work, labor and services performed and materials furnished. Lasker’s counterclaim against plaintiff and Standard is based on a breach by plaintiff of a contract secured by a performance bond executed and delivered by plaintiff and Standard to Lasker. Standard’s claim asserts that at the request of the plaintiff and third-party defendants Bennett and Somma, Standard executed the performance bond; that plaintiff, Bennett and Somma executed and delivered to Standard an indemnity agreement in which they agreed to save Standard harmless from and against all loss, costs and damages, including fees of special counsel, which Standard may sustain or incur by reason of executing a bond and defending any action thereon, and further agreed to put Standard in funds to meet such obligations before Standard shall be required to make payment; that any judgment which Lasker may recover against Standard on the bond will entitle Standard to recover in like amount against plaintiff and against Bennett and Somma; that Standard has incurred legal expenses in defending itself against Lasker’s claim and will incur additional expenses for counsel fees amounting to $5,000.
Plaintiff asserts that Standard being an impleaded third-party defendant under section 193-a of the Civil Practice Act, it may not assert an affirmative claim against the plaintiff. Standard, however, is not a third-party defendant within the meaning of section 193-a of the Civil Practice Act. Under said section, a third-party defendant is “ a person not a party to the action, who is or may be liable to him [the defendant] for all or part of the plaintiff’s claim against him [the defendant].” *804 Lasker’s pleading does not allege that Standard is or may be liable for all or part of plaintiff’s claim against Lasker. It merely is a counterclaim which raises questions between Lasker and the plaintiff along with Standard. A pleading of that nature is authorized under section 271 of the Civil Practice Act, and a person not a party to the action who was served in accordance with said section with an answer becomes a defendant in the action as if he had been served with the summons (Davis v. O'Callahan, 255 App. Div. 387). It would thus appear that he would have all the rights attendant with being a defendant. It has been said that he could not interpose a counterclaim even as against the original plaintiff (Beck Chem. Equipment Corp. v. Beattie Mfg. Co., 267 App. Div. 506). But there appears no prohibition against him from availing himself of the provisions of section 264 of the Civil Practice Act so that a determination of the ultimate rights of the parties to the action may be had. (See Portnoy v. United Eng. & Constr., 274 App. Div. 891; D'Onofrio v. City of New York, 284 App. Div. 688.) A cross claim under section 264 of the Civil Practice Act is distinguishable from a counterclaim. In Paretta v. White Acres Realty Corp. (190 Misc. 649, 650) the court said: “ Section 266 of the Civil Practice Act defines a counterclaim as a cause of action in favor of the defendants against the plaintiffs. A claim for liability over under section 264 of the Civil Practice Act presents a situation in which the person sued does not counterclaim against his suitor, but against someone else for indemnity in the amount recovered by the suitor.” Standard is not attempting to offset any claim against anyone but is seeking reimbursement for any amount which it may be called upon to pay to Lasker by reason of any breach of agreement by the plaintiff. Accordingly Standard’s cross complaint is sufficient as against the plaintiff. The fact that Standard seeks affirmative relief does not affect the sufficiency of the claim. Under section 474, a defendant may be granted any affirmative relief to which it is entitled.
The motion is thus denied. Submit order.