Jacob J. Schwartzwald, J.
Plaintiff, in this negligence action to recover for property damages sustained on October 14, 1955, more than three years ago, seeks permission to amend the complaint to allege a new cause of action and to serve a supplemental summons and complaint on four third-party defendants, thereby making them defendants in the main action as well, and further seeks to amend the complaint and to serve a supplemental summons and complaint upon still another party, a corporation, to be added as an additional defendant to the principal action.
One of the third-party defendants and the party sought to be added as a defendant opposes the application upon the ground that the three-year Statute of Limitations expired on October 14,1958. The only other third-party defendant who was served with notice of the instant application apparently submits no opposition. The two remaining third-party defendants received no notice of the application.
Plaintiff grounds the application upon its alleged unawareness that the third-party defendants were possibly implicated as primary tort-feasors herein and that the corporation sought to be added as a party defendant was the owner of the premises involved herein until the four individual defendants cross-complained against the impleaded third-party defendants in or about August, 1958.
The court notes that the four individual defendants denied ownership of the subject premises in their answer served in April, 1956. The plaintiff took no procedural steps to conclude the issue raised.
The court, in the exercise of its discretion, must deny the application. First, the court feels that the plaintiff has not been diligent in the protection of its rights. Secondly, the granting of plaintiff’s motion would be an entirely futile gesture in view of the objections interposed by two of the proposed defendants that the statutory time limit, within which to acquire jurisdiction over them, has expired.
Concededly, the plaintiff has not, up to this time, legally asserted any claim against the proposed defendants. Only the assertion of a claim by the service of a summons will stop the tolling of the Statute of Limitations. (See Boyd v. United States Mtge. & Trust Co., 187 N. Y. 262, 269.) Consequently, the court does not have jurisdiction over the third-party defendants for the cause of action which plaintiff now wishes to assert by means of an amended and supplemental summons and complaint.
*438 Section 193-a of the Civil Practice Act is of no benefit to the plaintiff’s position upon this application. That the third-party defendants were impleaded and brought into the action hy the service of the individual defendants’ third-party summons and complaint does not per se subject them to any claim which the plaintiff might have against them. The only claim asserted against the third-party defendants up to that time was the cause of action contained in the complaint of the third-party plaintiffs.
Section 193-a is purely procedural. It was enacted principally to avoid a multiplicity of suits. A defendant with a claim over is permitted thereunder to implead a primary tort-feasor or indemnitor prior to the accrual of the defendant’s cause of action by payment. The section does not enlarge the plaintiff’s rights in any way, nor does it extend the Statute of Limitations.
The holding in the Satta case (Satta v. City of New York, 272 App. Div. 782) has been misconstrued by the plaintiff; it does not change the three-year Statute of Limitations in tort actions. The third-party plaintiff’s action against the third-party defendant in that case was based upon the theory of quasi-contracts. The court, therefore, applied the settled law that a cause of action by way of indemnity is governed by a six-year time limitation.
Plaintiff contends that a third-party defendant may not plead the Statute of Limitations as a defense since that defense was not available to the third-party plaintiff and cites, in support of its position, the case of Feldstein v. Bevier (278 App. Div. 828). Again, the plaintiff has misconstrued the holding. The Feldstein case involved an in rem action under article 15 of the Real Property Law brought to compel a determination of a claim to real property. The defendant had impleaded the third-party defendant, the City of New Rochelle, the grantor in the deed made to the defendant, as the party liable over to the defendant. The third-party plaintiff’s claim over against the city was based upon the theory of a possible breach of contract, a cause of action different than that alleged by the plaintiff and governed by a six-year statute.
In the Feldstein case (supra) the third-party defendant, who was a defendant only to the third-party plaintiff’s action, attempted to plead a short six-month Statute of Limitations as a defense to the plaintiff’s action. The statute made the foreclosure proceeding brought under the Tax Law presumptively conclusive after six months unless action was brought to set aside the deed. Therefore, in that case the point at issue was the third-party defendant’s contention that the plaintiff should have in the first instance, instituted suit against the third- *439 party defendant to set aside the alleged invalid deed. The court held that it was not necessary to bring suit against the third-party defendant in the first instance to set aside the deed. The court found that the plaintiff had complied with the statute by commencing suit under article 15, attacking the validity of the defendant’s title, within the six months’ statutory period and by filing a lis pendens in connection therewith.
The plaintiff applies herein to retain the four individuals as party defendants and to add, as an additional defendant, a corporation in which the four individual defendants are officers and stockholders. The plaintiff argues that since the four individual defendants ‘ had notice of the suit and the substance of it well before the Statute of Limitations expired,” this motion should be considered as a mere amendment to the complaint.
The argument, to say the least, is an amazing one. Nothing is mentioned of the rights of the other stockholders of the corporation. No mention is made that the plaintiff never intended to bring suit against the corporation and never intended to serve it with process. Simply stated, the plaintiff’s contention is that since the four individual defendants are within the jurisdiction of the court by virtue of the service of process, and they happen to be officers and directors of a corporation, the plaintiff is entitled to an order of the court to bring in the corporation as a party defendant and to eliminate as a bar to such amended action the defense of Statute of Limitations upon the ground that four of its stockholders, being also officers, had notice of the commencement of the suit.
The court has no such power. The court does not even have the power to substitute the corporation in place of the four individuals as a party defendant herein. It has been held that the court does not have the power to correct the name of a corporate defendant, erroneously sued as the defendant, where the effect would be to substitute, ‘ in the place of the defendant served, a distinct and separate corporation which never had been served with process and which has not been brought within the court’s jurisdiction. This may not be done under the guise of correcting a misnomer.” (Sammatano v. Brooklyn City R. R. Co., 238 App. Div. 808.) The foregoing portion of the plaintiff’s application is clearly without legal precedent or support.
Motion denied. Settle order on notice.