James S. Brown, J.
Plaintiff and the individual third-party defendants move for an order pursuant to subdivisions 4 and 5 of rule 109 of the Buies of Civil Practice, dismissing “ the counterclaim set forth in the answer of the third-party defendant, Standard Accident Insurance Company ”, designated by Standard in its pleading as “an amended claim against the plaintiff and third-party complaint against the defendants, James Bennett and Nicholas Somma”, on the ground that the “said counterclaim or third party complaint ’ ’ is not one which may be properly interposed, and on the further ground that it does not state facts sufficient to constitute a cause of action.
A prior motion seeking the identical relief, instituted by plaintiff only, was denied by this court (15 Misc 2d 802). Pending, appeal from this decision, defendant Lasker-Goldman Corporation obtained leave of the court to serve an amended answer. As a result all the parties served amended pleadings, breaking the issues created by the original pleadings. An examination of the amended pleadings reveals that they are substantially the same as those which this court passed upon in making its original determination, the only variance being the increased amount of the Lasker-Goldman claim, the omission by Standard from its pleading of any estimate as to the amount of legal expense which it will incur in the action, and the interpleading of the individual defendants, Bennett and Somma.
The attacked pleading being in all respects substantially the same as the pleading before this court on the original motion, except as to the addition of the impleaded additional defendants, and the moving parties having failed to submit any authorities which would lead to a change in the disposition of the original decision, this court for the purposes of this determination repeats in toto its decision of October 16, 1958, with the same force and effect as if fully set forth herein.
The difficulty of the plaintiff’s position lies in its repeated misnaming and labelling of Standard’s cross claim over as a counterclaim. Its contention that Standard, having been brought into the action pursuant to section 271 of the Civil Practice Act, cannot counterclaim and seek affirmative relief against it but can *928 only serve a reply, in the strict sense of the term, to LaskerGoldman Corporation’s answer setting forth a claim against Standard and the plaintiff under the performance bond, is legally unsound.
Although it is true that Standard may not interpose a counterclaim against plaintiff, there is no prohibition against it availing itself of the provisions of section 264 of the Civil Practice Act to obtain a determination of the ultimate rights of the parties to the action. In a learned treatise on the rights of parties under section 264 of the Civil Practice Act, and the distinguishing features between a cross claim over under this section and a counterclaim, the court in Paretta v. White Acres Realty Corp. (190 Misc. 649, 650-651) stated:
“ Section 266 of the Civil Practice Act defines a counterclaim as a cause of action in favor of the defendants against the plaintiffs. A claim for liability over under section 264 of the Civil Praetive Act presents a situation in which the person sued does not counterclaim against his suitor, but against someone else for indemnity in the amount recovered by the suitor. ‘ All that is required by Section 264, Civil Practice Act, is a demand, in an answer by a defendant, that the ultimate rights of such defendant be determined, as against another, or others, also charged with liability to a plaintiff.’ * * *
“ Section 264 of the Civil Practice Act permits a party, who claims that any other party to the action may be liable to him for for all or part of the claim asserted against him in the action, to have his ultimate rights determined. The purpose of this section is to avoid multiplicity of suits and to settle in one action all the rights of the various parties arising out of the same transaction rather than to relegate them to separate actions to be commenced after judgment. (Patterson v. City of New York, 185 Misc. 610.) ”
This section 264 formerly limited this right to a defendant who demanded it in his answer against a codefendent. Since the amendment of this section any party may now cross-claim against any other party by demanding such relief in his pleading. Standard, in its reply, is not attempting to offset its claim against the plaintiff but rather is seeking reimbursement for any amount which it may be called upon to pay to the defendant, Lasker-Goldman Corporation, for which allegedly plaintiff and the individual defendants may be primarily liable. It is apparent that under no circumstances can it be considered a counterclaim. The claim over, other than the issue of legal fees, etc., which will be discussed hereafter, is not an independent cause of *929 action by Standard against the moving parties unconnected with the cause of action set forth in the original complaint, but rather is a contingent claim for reimbursement stemming from the controversy arising out of the contract between the plaintiff and the defendant, Lasker-Goldman Corporation which contract was bonded by Standard on the faith of the indemnity agreement executed by the plaintiff and the impleaded individual defendants. There are common questions of fact between plaintiff and Lasker-Goldman Corporation, between LaskerGoldman Corporation and Standard, and between Standard, plaintiff, and individual third-party defendants. Standard is clearly justified in asserting in this action its claim for indemnity (other than legal fees) against its indemnitors, i.e., plaintiff and individual defendants. (Psaty & Fuhrman v. Continental Cas. Co., 278 App. Div. 159; Commercial Trading Co. v. Zeisel Mach. Co., 133 N. Y. S. 2d 308.)
As to the motion addressed to the legal sufficiency of the cross claim and third-party complaint against the moving parties, under normal circumstances Standard would have a right to seek indemnification as surety against the indemnitors not only as to the claim against it by the aggrieved party but also the right to be reimbursed for any counsel fees, etc., incurred; but in view of the manner in which Standard was brought into the action and its resulting cross claim under section 264, and impleader under section 193-a of the Civil Practice Act, it would seem that Standard would be barred from seeking affirmative relief as to the claim for counsel fees, etc., in the action. The rationale of sections 193-a and 264 of the Civil Practice Act is identical, with the exception of the different pleading and procedural requirements. Impleader under section 193-a of the Civil Practice Act and cross claim under section 264 of the Civil Practice Act are limited to liability over for all or part of the recovery of the suitor’s claim against the impleader or claimant over, and the latter may not assert an affirmative claim for his own damages. (Gleason v. Sailer, 203 Misc. 227; Victory Painters & Decorators v. Miller, 198 Misc. 196; Golding v. Veal, 191 Misc. 210; Carroll Sheet Metal Works v. Mechanical Installations, 201 Misc. 689; see Deneau v. Beatty, 195 Misc. 649, contra.)
It is well established, however, that a motion to dismiss an entire complaint or, as in the instant situation, a cross claim setting forth a number of causes of action, where at least one of the causes of action is sufficient, must be denied. (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79.) It is also *930 well established that such a motion must fail if the facts stated are sufficient to constitute any cause of action. (Cornehlsen v. Dudensing, 270 App. Div. 1037.) As the cross claim and third-party complaint is presently constituted and pleaded, it states as a matter of law a sufficient cause of action for indemnification. (Gleason v. Sailer, supra.)
Accordingly, the motion is denied.