Mario Pittosi, J.
Motion to dismiss the complaint because another action is pending between the parties for the same cause, and cross motion for the removal from the District Court, County of Nassau, of the action titled “ Cloyd Davis v. David Bappaport” and consolidation of the same with the pending Supreme Court action.
The plaintiffs in the Supreme Court action sue for $8,037.85 damages resulting from the breach of a contract to construct two cesspools and drainage fields on premises owned by them at Kings Point, Nassau County. In a prior action commenced by the defendant in the District Court for work, labor and services, the defendant therein, David Bappaport, in addition to denying the material allegations of the complaint, pleaded as a so-called “ Complete and Affirmative Defense and By Way of Set Off ” that the plaintiff therein had not performed his work in a proper and workmanlike manner, and as a result the defendant was damaged in the sum of $8,037.85. He further pleads ‘1 7. That defendant intends to promptly institute an action in the Supreme Court of the State of New York to recover from the plaintiff herein the damages sustained by defendant as hereinabove set forth,” (einphasis supplied) and prays for judgment dismissing the complaint, with costs.
*872 “ The fact that the allegations have been designated a ‘ counter claim ’ is not controlling. The court will look at the substance and not at the label. (Teitelbaum v. Goodman, 51 N. Y. S. 2d 682; Schussler v. Richards, 186 Misc. 963.) ” (Paretta v. White Acres Realty Corp., 190 Misc. 649, 650.) Here, the defendant David Rappaport did not request any affirmative relief, nor did he request that any amount due the plaintiff therein be diminished by any sum due to him from the plaintiff. While the presence of a prayer for affirmative relief is not necessary in pleading an “ offset ” (National Sur. Co. v. Pastor, 212 App. Div. 546), since the allegations expressly state that any claim for damages will be made in a subsequent Supreme Court action, it may not be held that the defendant pleaded an “ offset” or counterclaim. “ Facts pleaded which controvert the plaintiff’s claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff. ’ ’ (Walker v. American Cent. Ins. Co., 143 N. Y. 167, 169 ; emphasis supplied.) The facts pleaded in defendant’s answer are simply to the effect that plaintiff failed to perform his work in a proper and workmanlike manner.
Therefore, the plaintiff David Rappaport’s Supreme Court action is not barred, since there is no pending action by him for the same relief. As to the plaintiff Frances Rappaport, there was no prior action by her and therefore no basis whatsoever exists for a dismissal on the ground stated.
Accordingly, the motion is denied; cross motion granted.
The observation may be made that an early trial is available in the Supreme Court in a commercial action (Nassau County Supreme Ct. Rules, rule 6). Settle order on notice.