WELL BUILT MOTOR REPAIRS, INC., Appellant, *v.* UTOG FEDERAL CREDIT UNION, Defendant-Respondent, and Third-Party Plaintiff-Respondent. MANNY SINGER, Third-Party Defendant-Respondent.

Supreme Court, Appellate Term, Second Department, February 21, 1962.

*Abraham Lebenkoff* for appellant. *Levy, Gutman, Goldberg & Null (Victor Levin* of counsel), for third-party-defendant-respondent.

CHARLES MARGETT, J. This action was brought to recover $450 alleged to be due on a check made by defendant, Utog Federal Credit Union (herein called Utog), to the order of plaintiff and Manny Singer, the third-party defendant, payment on the check having been stopped.

Defendant Utog's answer includes a defense of "no consideration" and a third-party complaint against Singer for judgment over in any amount which plaintiff may recover against it. The third-party complaint alleges in part that Utog had loaned $450 to Singer by issuing its check in that amount to the order of Singer and plaintiff; that Singer indorsed and delivered the check to plaintiff in payment for repair work performed by plaintiff on Singer's taxicab; that Utog stopped payment thereon at Singer's direction after having been informed of a dispute as to the quality of the repair work and of a failure of consideration as between plaintiff and Singer; that Utog has no interest in the outcome of the controversy between plaintiff and Singer; that if plaintiff obtains a recovery against Utog, the latter would be entitled to a judgment over against Singer.

The answer of the third-party defendant, Singer, sets up a counterclaim (erroneously designated a cross complaint) against plaintiff in the amount of $1,000 for damages to his taxicab and resultant loss of earnings.

After joinder of issue, plaintiff moved to dismiss Utog's third-party complaint and to strike out Singer's answer, and, in particular, his counterclaim against plaintiff. Singer cross-moved for relief not here pertinent.

Plaintiff argued for dismissal of Utog's third-party complaint on the ground that it raised new issues between Utog and Singer which did not concern plaintiff and only tended to complicate the issues in the original action; that in any event no basis was shown for a judgment over against Singer. Concerning Singer's counterclaim, plaintiff contended that Singer had no right to assert such counterclaim against it in the present action.

In opposition to the motion, Utog's main point was that it should be made whole by Singer since it was an innocent party and received no consideration for the check, which had been intended as a loan; that there could be no complete determination of all the issues unless Singer remained in the action.

Singer, for his part, stated that the check in suit had been issued for the limited purpose of paying for repair work performed by plaintiff. He disclaimed liability to Utog because the loan, represented by the check upon which payment had been stopped, was not consummated; but he added that a recovery for plaintiff against Utog would imply that the loan transaction subsisted and in such case acknowledged that he would be liable to Utog " for all or part of the plaintiff's claim " against Utog.

The motion to dismiss Utog's third-party complaint and to strike out third-party defendant Singer's answer and the counterclaim by him asserted against plaintiff was denied in its entirety.

Broadly stated, the rule here applicable is that a defendant may implead a third person who is or may be liable to him for all or part of the plaintiff's claim if the claim over is related to the main action by a common question of law or fact and if prejudice or undue delay will not result from the joinder of the two actions (Civ. Prac. Act, § 193-a, subds. 1, 4; *Wolf* v. *La Rosa & Sons,* 272 App. Div. 932, affd. 298 N. Y. 597; *Chase Nat. Bank* v. *Battat,* 277 App. Div. 49). There is no requirement that the claim over must rest upon the same cause of action or ground as the claim asserted against the original defendant (*V. B. Constr. Co.* v. *Murray,* 274 App. Div. 1019). Nor is it necessary that the liability of the impleaded defendant be shown with definiteness and certainty. A mere '' possibility '' or '' likelihood '' of liability will suffice to support a third-party complaint (*Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468; *Monteverdi* v. *French Realty Corp.,* 190 Misc. 304, 306; *Franklin E. Tyrell, Inc.* v. *Vahlsing,* 193 Misc. 454, 459).

In the present case, it is plainly apparent that the causes of action pleaded in the complaint and third-party complaint have some connection with each other and involve common questions of fact and law. Thus, Utog's check, the subject of the original action, was issued in connection with a loan from Utog to Singer and was intended as payment for the repair work performed by plaintiff on Singer's taxicab. As noted, Singer claims a failure of consideration as between himself and plaintiff (who sues on the check) and simultaneously contends that the loan from Utog was never consummated. If plaintiff should prevail in its action against Utog, the latter would appear to have a valid claim over against Singer — either for moneys loaned or on familiar principles of implied contract (see *Miller* v. *Schloss,* 218 N. Y. 400).

In these circumstances, and giving every favorable intendment to the challenged pleading (*Howard Stores Corp.* v. *Pope,* 1 N Y 2d 110), I think there is ample demonstration that both controversies are interrelated and that the question of liability over is sufficiently indicated to warrant impleader. Consequently, the denial of so much of plaintiff's motion as was directed to Utog's third-party complaint would seem to be correct.

The situation is somewhat different as regards the counterclaim asserted by third-party defendant, Singer, against plaintiff. While a third-party defendant may in his answer assert against the original plaintiff any defenses available to the

third-party plaintiff against the plaintiff's claim (Civ. Prac. Act, § 193-a, subd. 2), he may counterclaim against the plaintiff only where the plaintiff has amended his complaint to assert a claim against the third-party defendant (*Psaty & Fuhrman* v. *Continental Cas. Co.,* 278 App. Div. 159; *Feldstein* v. *Bevier,* 278 App. Div. 828; Civ. Prac. Act, § 193-a, subd. 3). Here, plaintiff did not amend its complaint to plead any claim against third-party defendant, Singer. Consequently, the latter's counterclaim against plaintiff may not be permitted to stand.

The order should be modified so as to provide that plaintiff's motion to dismiss the third-party defendant's counterclaim against plaintiff is granted, without prejudice to the bringing of a new action thereon, if the third-party defendant be so advised, and as so modified affirmed, without costs.

HART and BENJAMIN, JJ., concur.

Order modified, etc.