CONCORD FACTORS CORPORATION, Plaintiff, v. STANLEY H. LIPMAN, Defendant and Third-Party Plaintiff. GEORGE A. DRYKERMAN et al., Third-Party Defendants.

Supreme Court, Special Term, New York County, May 10, 1962.

*Kupfer, Silberfeld, Nathan & Danziger* for plaintiff. *Frederick Katz* and *Arthur C. Parker* for George A. Drykerman and another, third-party defendants. *Golden, Wienshienk, Rosenthal & Mandel* for Stanley H. Lipman, defendant. *Saul S. Silverman* for Harry L. Goldstein, defendant.

IRVING H. SAYPOL, J. The complaint of the plaintiff sets forth eight causes of action based upon the guarantee of the sole defendant Stanley H. Lipman of loans made by the plaintiff to eight named corporations.

The complaint of the defendant and third-party plaintiff Lipman against the third-party defendants Drykerman, du Kor and Goldstein is based upon the alleged agreement of the third-party defendants to indemnify the defendant and third-party plaintiff with respect to Lipman's claimed obligation to the plaintiff. In their answer, the third-party defendants Drykerman and du Kor have asserted counterclaims, claims over, cross complaints, claims and causes of action against the plaintiff Concord, the defendant Lipman, the third-party defendant Goldstein and against Gloria Lipman as defendants on the counterclaims, claims over and cross complaints and claims and causes of action set forth in the answer.

The several parties have moved by separate motions for dismissal of such counterclaims, claims over and cross complaints and claims and causes of action appearing in the pleading of the third-party defendants Drykerman and du Kor upon the ground that they are not properly interposable in this action. Accordingly, motions numbered 45, 71, 72 and 73 of March 27, 1962, are consolidated and considered together.

Most of the claims thus set forth, regardless of how they are denominated are intended to disprove or to extinguish or destroy the plaintiff's claim of loans guaranteed by the defendant Lipman and Lipman's claim of indemnity against liability as guarantor of such loans. It is correct, as the movants urge, that unless plaintiff has amended its pleadings to assert a claim against a third-party defendant, the latter may not assert a counterclaim against the plaintiff under section 193-a of the Civil Practice Act (*Feldstein* v. *Bevier*, 278 App. Div. 828; *Fitzgerald* v. *American Sur. Co. of N. Y.*, 3 Misc 2d 609). In those cases, the counterclaim had no relation to the subject matter of plaintiff's claim. Plaintiff concedes that a third-party defendant may counterclaim against a plaintiff in any case upon an express contractual right of indemnity against the plaintiff (*Commercial Trading Co.* v. *Zeisel Mach. Co.*, 133 N. Y. S. 2d 308; *Bennett Excavators Corp.* v. *Lasker-Goldman Corp.*, 19 Misc 2d 926).

It is not true, however, that sections 264, 271 and 474 of the Civil Practice Act may not be read along with section 193-a of the Civil Practice Act. They may not be so read as to contravene the provisions of section 193-a, and most of the claims subject of these motions do not violate the provisions thereof. (*Commercial Trading Co.* v. *Zeisel Mach. Co., supra; Bennett Excavators Corp.* v. *Lasker-Goldman Corp., supra*).

Upon analysis and consideration of the various claims subject of these motions, the court reaches the conclusion that all of them have been properly interposed with the exception of the fourth counterclaim against Stanley H. Lipman, the fourth claim over and the fourth cross complaint against Goldstein and the claim and cause of action against Gloria Lipman and the third claim and cause of action against Concord and the sixth counterclaim against Stanley H. Lipman. To the extent indicated, therefore, the motions are granted and they are otherwise denied.