VICTORY PAINTERS AND DECORATORS, INC., Plaintiff, *v.* BERNARD MILLER et al., Defendants and Third-Party Plaintiffs. ONYX OILS AND RESINS, INC., Third-Party Defendant.

Supreme Court, Special Term, Kings County, March 20, 1950.

*Louis Epstein* for third-party defendant.

*Emanuel Strum* for defendants and third-party plaintiffs.

*Abraham M. Fisch* for plaintiff.

HART, J. This is a motion by the third-party defendant to strike out the second cause of action contained in the amended third-party complaint pursuant to subdivision 4 of section 193-a of the Civil Practice Act. The action is one brought by plaintiff to recover damages in the sum of $4,000 allegedly sustained by

it as a result of an alleged breach of warranty by the defendants in the sale of certain replacement linseed oil.

The defendants, as third-party plaintiffs and pursuant to section 193-a, have impleaded the manufacturer and processor of the said replacement linseed oil as a third-party defendant, claiming judgment over for any sums of money which plaintiff may recover against such defendants and third-party plaintiffs. In addition, the third-party plaintiffs in their second cause of action seek an affirmative judgment for an additional sum of $8,000 for loss of plaintiff's future business and custom as a result of the alleged breaches of warranty. No objection is made by the third-party defendant to the first cause of action pleaded by the third-party plaintiffs.

Under subdivision 1 of section 193-a of the Civil Practice Act, defendant as a third-party plaintiff is permitted to bring in a third-party defendant " who is or may be liable to him for all or part of the plaintiff's claim against him." The third-party plaintiff is thus permitted to implead a person not a party to the action only if the latter has " 'the obligation of exonerating or reimbursing the defendant (third party plaintiff) for all or part of the plaintiff's recovery against him' " (*Green* v. *Hudson Shoring Co.*, 191 Misc. 297, 301). In such respect the Judicial Council's Twelfth Annual Report states: " Under proposed subdivision 1 of new section 193-a, as under the present statute, impleader would be permitted only when the third party is liable to the defendant ' for all or part of the plaintiff's claim against him.' Thus, it is clear that the proposed change would not transform the present New York statute into one permitting impleader, irrespective of a recovery by the plaintiff against the defendant. A recovery against the defendant would remain a condition for recovery against the third party " (p. 208). " The proposed extension would not affect the basic principle that there can be no impleader unless the claim against the third party is conditioned upon the liability of the defendant to the the plaintiff in the main action " (p. 195).

In the circumstances a recovery upon the third-party plaintiffs' second cause of action would not be " for all or part of the plaintiff's claim " against the defendants and third-party plaintiffs.

The third-party defendant's motion to strike out the second cause of action is granted without prejudice to the institution of a new action if the defendants be so advised.