CARROLL SHEET METAL WORKS, INC., Plaintiff, *v.* MECHANICAL INSTALLATIONS, INC., Defendant and Third-Party Plaintiff. HEMPSTEAD DIVISION CONSTRUCTION CORP. et al., Third-Party Defendants.

Supreme Court, Special Term, Queens County, December 18, 1951.

*Yavers & Yavers* for plaintiff.

*Jesse Friedman* for third-party defendants.

*Kurt Widder* for defendant and third-party plaintiff.

COLDEN, J. The plaintiff sued Mechanical Installations, Inc., to recover the sum of $12,389.40, a balance alleged to be due for certain work, labor, services and materials incidental thereto which were performed and supplied to the third-party defendants under a subcontract with the defendant. The latter impleaded the third-party defendants, claiming an unpaid balance of $15,987.07 under its general contract with them.

The plaintiff has now moved to strike out the answer of the defendant and for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. The third-party defendants have

moved to dismiss the third-party complaint, pursuant to subdivision 4 of section 193-a of the Civil Practice Act, upon the ground that there are no questions of fact or law common to both controversies and that in any event the third-party complaint seeks affirmative judgment in favor of the third-party plaintiff beyond the amount for which it is or may be liable to the plaintiff.

The work for which plaintiff sues the defendant was performed for the third-party defendants who failed to pay the defendant under its general contract because of the alleged defective performance of the work done by the plaintiff. If plaintiff's work is found to be completed satisfactorily the defendant will be liable therefor, and in turn the third-party defendants will be liable to the defendant (third-party plaintiff).

The court is of the opinion that the two controversies are sufficiently related to warrant impleader. (Cf. *R. M. C. Mfg. Corp.* v. *Tarshis,* 278 App. Div. 266.) Also the record establishes the existence of triable issues of fact which may not be summarily disposed of on affidavits. The impleader statute, however, is limited to liability over, i.e., a third-party plaintiff may not assert an affirmative claim for his own damages. He is limited to pleading a claim over for all or part of the plaintiff's recovery against him. (*Victory Painters & Decorators* v. *Miller,* 198 Misc. 196.) Under these circumstances the claim for liability over asserted in the third-party complaint was proper only for the amount for which the defendant may be liable over to the plaintiff and could not include any sum for the defendant's own affirmative damages. The third-party complaint will, accordingly, be dismissed with leave to plead over, limiting the third-party cause of action to the amount for which the defendant is or may be liable to the plaintiff.

Settle order on notice.