PAUL GLEASON et al., Plaintiffs, *v.* ROBERT C. SAILER et al., Defendants and Third-Party Plaintiffs. MERCHANTS MUTUAL CASUALTY COMPANY, Third-Party Defendant.

Supreme Court, Special Term, Nassau County, September 23, 1952.

*Baier & Chamberlain* for third-party defendant.

*George E. Maccaro* and *James P. Griffin* for defendants and third-party plaintiffs.

HALLINAN, J. Plaintiffs, husband and wife, sue to recover damages for loss of services and personal injuries, respectively, arising out of an accident which occurred on December 5, 1951,

at premises owned by the defendants. The latter have impleaded as a third-party defendant their liability insurance carrier, which has disclaimed for the reason that the third-party plaintiffs failed to comply with a certain condition in the policy, in that no written notice of the accident was given by or on their behalf as soon as practicable after the occurrence of the alleged accident. The third-party complaint seeks not only to recover over any sum which the plaintiffs may recover against the third-party plaintiffs, but also $1,500 in legal expenses incurred in defense of the action.

The third-party defendant has now moved to dismiss the third-party complaint for legal insufficiency, or in the alternative, to direct the severance thereof from the original action, pursuant to subdivision 4 of section 193-a of the Civil Practice Act.

The court is of the opinion that the third-party complaint is sufficient in law as a matter of pleading, and the motion to dismiss it for legal insufficiency, must, therefore, be denied.

The third-party defendant urges as a ground for severance that the claim for $1,500 counsel fee is improper, and that the trial of both the plaintiffs' claim and the third-party claim before the same jury will result in complexities beyond the jury's power to comprehend and that " any evidence on the trial of a tort action that the defendants carry a policy of liability insurance is prejudicial and that the admission of evidence constitutes reversible error."

The contention that the trial of both claims at the same time will tax the jury's ability fairly to comprehend the issues involved is without merit. The other objections, however, are more impressive. Impleader under section 193-a of the Civil Practice Act is limited to liability over for all or part of the plaintiff's recovery against the defendant. The latter may not, in addition to damages recoverable by plaintiff against him, assert an affirmative claim for his own damages. (*Victory Painters & Decorators* v. *Miller*, 198 Misc. 196; *Carroll Sheet Metal Works* v. *Mechanical Installations*, 201 Misc. 689. See, however, *B. M. C. Mfg. Corp.* v. *Tarshis*, 278 App. Div. 266, 272.) More important, evidence in an action for negligence that the defendant " was insured in a casualty company, * * * is incompetent and so dangerous as to require a reversal" (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490.)

The injustice of permitting the disclosure of liability insurance to a jury upon a trial involving loan, subordination or

trust receipts, was recognized by the Legislature in 1950 when it amended (L. 1950, ch. 529) section 210 of the Civil Practice Act to prevent the disclosure to a jury of the fact of plaintiff's insurance where the insurer sued in the name of the insured. (Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 60.) Yet, the very thing which the Legislature deemed prejudicial enough to require statutory amendment will be directly presented to the jury in this case if the claim over against the disclaiming insurance carrier is tried at the same time as the primary claim of the plaintiffs herein to recover damages for personal injury and loss of services.

Subdivision 4 of section 193-a of the Civil Practice Act gives the court discretion to '' dismiss a third party complaint without prejudice to the bringing of another action, order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders concerning the proceedings as may be necessary to *further justice or convenience.*'' (Emphasis supplied.) This court is of the opinion that in a case of the character here involved justice will be furthered if the complaint against the disclaiming insurance carrier be separately tried.

The court has carefully examined the decision in *Brooklyn Yarn Dye Co.* v. *Empire State Warehouses Corp.* (276 App. Div. 611) where the Appellate Division in this department affirmed the Special Term which denied the motion of the third-party defendant insurance carrier to dismiss the third-party complaint. Although the *Per Curiam* decision made no reference to the question of prejudice, the dissenting Justice, in a minority opinion, considered this question and held impleader to be prejudicial. An examination of the record on appeal in that case shows that the question of prejudice was not raised either by the notice of motion, which merely sought to dismiss the third-party complaint for legal insufficiency, or adverted to in the opinion of the Special Term.

Another decision of the same department (*Adelman Mfg. Corp.* v. *New York Wood Finisher's Supply Co.,* 277 App. Div. 1117) involved an appeal from an order granting the carrier's motion to dismiss the third-party complaint. The Appellate Division reversed the Special Term and held that impleader was proper on the authority of the *Brooklyn Yarn Dye Co.* case (*supra*). The Justice, who dissented in the cited case, while concurring on the authority thereof, noted his adherence to the views he expressed in his dissenting opinion in that case. An

examination of the record on appeal in the *Adelman Mfg. Corp.* case (*supra*) likewise shows that the question of prejudice was not squarely presented to the court. The motion was merely to dismiss the third-party complaint on the ground that it was '' not one properly brought under Section 193-a of the Civil Practice Act.'' The supporting affidavit discussed solely the provisions of the policy in support of that claim. The opinion of the Special Term likewise made no reference to prejudice.

In the case at bar, however, the question of prejudice has been squarely presented since the alternative branch of the motion is made under subdivision 4 of section 193-a of the Civil Practice Act to direct the severance of the third-party complaint.

Accordingly, for the reasons stated above, the court is of the opinion that the interests of justice require that the two controversies involved in this action be tried separately. (*De Lany* v. *Allen,* 200 Misc. 734; *Caserta* v. *Beaver Constr. Corp.,* 197 Misc. 410; *Judy Negligee* v. *Portnoy,* 194 Misc. 508.) The motion is granted to that extent.

Submit order.