■ H. F. HORN, Respondent, v. C. ROBERT KETCHUM, Defendant and Third-Party Plaintiff-Appellant. CENTURY REAL ESTATES, INC., Third-Party Defendant-Respondent.— REYNOLDS, J. Appeal from an order of the Supreme Court, Saratoga County, granting defendant-respondent's motion to dismiss appellant's third-party complaint. H. F. Horn brought an action against appellant to recover real estate brokerage commissions in connection with the sale of three lots. Thirty months later appellant served the third-party complaint here involved on defendant-respondent alleging that in the event that he be held liable to Horn for commissions on the sale of two lots that he recover back from defendant-respondent commissions already paid to it with respect to such sales. CPLR 1007 permits a defendant to proceed by third-party complaint against a person not a party " who is or may be liable to him for all or part of the plaintiff's claim against him ". The test is thus whether the third-party defendant may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. It is not enough that the claim arose out of the same set of facts. The liability of the third-party defendant must rise from the liability of the defendant to the plaintiff (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pp. 10-88, 10-89). In the instant case it is clear that the third-party claim is not " conditioned upon ", does not " rise from ", and is not " based upon " the liability of defendant-respondent to Horn. If appellant paid commissions to the defendant-respondent under a mistake of fact, he would be able to seek recovery thereof irrespective of any liability to Horn. Thus the third-party complaint was properly held not sustainable under CPLR 1007 (see contra, *Merritt* v. *Rhodes,* 232 App. Div. 422). Order affirmed, without costs and without prejudice to the commencement, within 30 days after service of the order to be entered hereon, of a separate action by Ketchum against Century and to an appropriate application to have the two then existing actions consoli-

dated or tried together. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Reynolds, J.