■ PAMELA G. HOLLOWAY et al., Plaintiffs, v BROOKLYN UNION GAS

Company, Defendant and Third-Party Plaintiff. Plaza Home Improvement Co., Inc., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; and Welbilt Corporation, Fourth-Party Defendant-Appellant; et al., Fourth-Party Defendant.—In a negligence action to recover damages for personal injuries, etc., fourth-party defendant Welbilt Corporation appeals from an order of the Supreme Court, Kings County, dated June 18, 1975, which denied its motion to dismiss the fourth-party complaint or for summary judgment. Order affirmed, with $50 costs and disbursements. The time for service of appellant's answer is extended until 20 days after entry of the order to be made hereon. In finding no error by Trial Term in denying appellant's motion, we note with approval the following views expressed by Mr. Justice Meyer in *Norman Co. v County of Nassau* (63 Misc 2d 965, 969-970): "Since the claim over need neither rest upon the same cause of action or the same ground as the claim against the third-party plaintiff nor be related to the main action by a common question of law or fact, it must follow that the true test is simply whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff. * * * when there exists between the parties to the claim over a legal relationship that will sustain a cause of action for the damages for which the third-party plaintiff may be liable to the plaintiff, the claim over should not be dismissed as legally insufficient simply because the connection between the liability over and the main complaint liability is not direct." (See, also, *Musco v Conte*, 22 AD2d 121; *Pochari v County of Westchester*, 15 AD2d 823.) Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.