■ SAMUEL MALLIS, Plaintiff, v JEROME B. KATES et al., Defendants. JACK J. ARNOLD, Third-Party Plaintiff-Respondent, v BANKERS TRUST COMPANY, Third-Party Defendant-Appellant. JEROME B. KATES et al., Third-Party Defendants. JOHN B. FOWLER, JR., Third-Party Plaintiff-Respondent, v BANKERS TRUST COMPANY, Third-Party Defendant-Appellant.—Orders, Supreme Court, New York County, entered May 10, 1976 and September 10, 1976, denying the motions of third-party defendant Bankers Trust Company to dismiss third-party complaints of third-party plaintiffs Fowler and Arnold, respectively, are unanimously affirmed, without costs and without disbursements. The defense of *res judicata* or collateral estoppel is not available as against these third-party complaints because the previous decision involved a different issue. The decision granting the motion of defendant Bankers Trust Company to dismiss the original complaint as against said defendant involved the issue of whether said defendant was liable to plaintiff, in a situation where the complaint alleged not affirmative misrepresentation but silence, and where the court found no relation between plaintiff and Bankers Trust Company requiring the latter to speak. The present motions involve the issue of the liability of Bankers Trust Company to third-party plaintiffs, where there are allegations of affirmative representations known to be false. As to the branch of the motions to dismiss resting on failure to state a cause of action under CPLR 3211 (subd [a], par 7), we note that there was no motion for summary judgment. (Cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633.) The complaints allege affirmative fraudulent oral and written misrepresentations for the purpose of inducing the third-party plaintiffs to enter into certain transactions, reliance, and damage, so they state a cause of action in fraud. The relationship of the third-party complaints to the original complaint is sufficient to warrant not striking the third-party complaints on the pleadings. In any event, the transactions involved in the various pleadings are so interwoven that if the complaints were in separate actions, they would probably have to be consolidated. On the whole, it seems wiser, and in the long run more economical, to have one trial at which the rights of all the parties arising out of these interrelated transactions can be adjudicated. Concur—Kupferman, J. P., Burns, Silverman and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LEE, True Name RONALD GAMBLE, Appellant.—Judgment, Supreme Court, Bronx County, rendered after trial to a jury, October 25, 1974, unanimously modified, on the law, to vacate the convictions for attempted petit larceny and possession of a weapon and to dismiss those counts, and otherwise to affirm the conviction of attempted robbery, first degree. "Defendant, on the facts of this case, could not have committed the robbery [here an attempt] without also committing the grand larceny [here the two counts dismissed], the counts being inclusory and concurrent (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." *(People v Grier,* 37 NY2d 847, 848.) Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Markewich, JJ.