■ IDA FUNT, Appellant, v JOAQUIN RUIZ et al., Defendants and Third-Party Plaintiffs-Respondents. JACOB A. SALZMAN, Third-Party Defendant-Appellant.—In a mortgage foreclosure action in which defendants, by means of a third-party action, seek to recover damages for fraud and mental anguish, the plaintiff and the third-party defendant appeal from an order of the Supreme Court, Queens County, dated February 18, 1977, which denied their motion to dismiss or sever the third-party action. Order modified by adding to the decretal paragraph thereof, after the word "denied", the following: "except as to third-party plaintiff's second cause of action for mental anguish, which cause of action is dismissed, without prejudice." As so modified, order affirmed, without costs or disbursements. In their answer in this foreclosure action defendants alleged that plaintiff's husband had procured their signatures on a deed of the property to plaintiff by means of fraud. While plaintiff held title to the property she consolidated all pre-existing mortgages thereon, and secured an additional mortgage on the property. She subsequently deeded the property back to defendants. The mortgage was thereafter assigned to her. Defendants alleged that as a result of this fraud, and the consolidation of the mortgages, the encumbrances upon the property were greatly increased. Defendants then brought a third-party action against plaintiff's husband. Substantially the same allegations

were made against him as were made against plaintiff. Damages resulting from the alleged fraud were sought and, in addition, damages in the amount of $100,000 were sought as a result of mental anguish. Plaintiff and the third-party defendant moved to dismiss or sever the third-party action. Their motion was denied. The liability which forms the basis of the foreclosure action, the defense and the third-party action all arose at the same time from a common nucleus of operative fact. Third-party plaintiff's first cause of action seeks indemnity for the damages resulting from the foreclosure. This cause of action clearly could be brought under CPLR 1007 (see *Holloway v Brooklyn Union Gas Co.,* 50 AD2d 603; *Norman Co. v County of Nassau,* 63 Misc 2d 965, 969-970). However, the second cause of action, which seeks judgment in excess of the amount sought by plaintiff from defendants in the main action, must be dismissed without prejudice (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1007, C1007:5). The third-party complaint's first cause of action will not unduly delay trial of the main action as the same factual issues are presented therein as are presented in the defense. The first cause of action of the third-party complaint and the second and third defenses set forth in the answer contain substantially the same allegations. These issues would be tried in the main action even if the third-party action were severed. Since the third-party action and the main action arise out of the same transactions, and as plaintiff and the third-party defendant would not be prejudiced by the maintenance of the first cause of action asserted in the third-party action, the order should be affirmed as to the first cause of action of the third-party plaintiffs. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.