■ RUSSELL J. SMITH, Respondent, v RUSSELL SAGE COLLEGE, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term, entered April 16, 1979 in Rensselaer County, which denied a motion to dismiss the complaint, and (2) from an order of the Supreme Court at Special Term, entered March 4, 1980 in Rensselaer County, which denied a motion to dismiss the amended complaint. The plaintiff seeks to recover damages for an alleged fraudulent representation made to him in the course of his employment. In July of 1967 at an interview with Dr. Lewis A. Froman, then president of Russell Sage College, plaintiff was allegedly told that in the event the position of assistant dean he was seeking was ever eliminated, "you will always have a teaching position made available to you by Russell Sage College". In February of 1972 plaintiff contends that in a conversation with Froman's successor, Dr. Charles V. Walker, his mention of this former commitment evoked a response from Dr. Walker to the effect "that in essence you have a lifetime employment agreement". Plaintiff asserted "I think that particular statement of Charles V. Walker — that in effect you have a lifetime employment agreement — was a baiting statement; that he intended that I answer as 'yes', which I did not answer".[*] He further contends that as a result of these oral representations he was caused to forego other employment opportunities causing a substantial loss of income for which he seeks damages, both compensatory and punitive. Defendant's motions to dismiss both the original and the amended complaint were denied by Special Term and two separate appeals are now before us. Initially, we note that the appeal from the order denying relief as to the original complaint should be dismissed. When an amended complaint has been served, an appeal from an order addressed to the sufficiency of the original pleading is moot (*Penato v George,* 42 NY2d 908; *Bennett v City of New York,* 65 AD2d 731; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.07). A reading of the amended complaint reveals that, on its face, plaintiff has set forth the necessary allegations of a fraud cause of action, albeit in conclusory terms. However, a close examination of this amended complaint and the supporting papers submitted on the motion to dismiss, clearly demonstrates that, in fact, plaintiff does not have a cause of action for fraud against the defendant. One of the elements necessary to sustain a cause of action for fraud is deception (see *Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778). Here, such an allegation by plaintiff in his complaint is contradicted by his own testimony at the examination before trial when he related that the statement made to him by President Walker in February of 1972 was a "baiting statement" seeking an affirmative response which was not forthcoming. Under the circumstances presented, it is plain that plaintiff neither relied upon nor was deceived by this conversation, but had attempted to convince Walker of the existence of a continuing employment

---

[*] The quoted materials are from the examination before trial of the plaintiff and were submitted with the papers upon the motion to dismiss (cf. CPLR 2214, subd [c]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275).

relationship. Moreover, even if we considered the complaint standing alone, plaintiff could not justifiably rely on a representation that he had a contract of employment for life *(Lanzi v Brooks, supra)*. As to the other issues presented on this appeal, we agree with Special Term that this action is not barred under the doctrine of *res judicata*. Although this is the third lawsuit brought by plaintiff against the defendant, the prior dismissals were either not on the merits or involved causes of action other than fraud (see *Matter of Reilly v Reid*, 45 NY2d 24; *Mallis v Kates*, 56 AD2d 818). In addition, from the allegations of the present complaint, it cannot be conclusively determined that the action would be barred by the six-year Statute of Limitations for transactions based on fraud. Similarly, since the complaint asserts fraudulent representations, the Statute of Frauds is not a defense (General Obligations Law, § 5-701 *et seq.; Steinberg v Universal Machinenfabrik GMBG*, 24 AD2d 886, 887, affd 18 NY2d 943). Accordingly, for the reason first stated, we must reverse the order appealed from and dismiss the complaint. Although we must terminate this lengthy litigation as a matter of law, we recognize that three *pro se* actions have occupied plaintiff for over five years and that he has presented his case in a most articulate fashion. Appeal from the order entered April 16, 1979 dismissed as moot; order entered March 4, 1980 reversed, on the law, and amended complaint dismissed, without costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.