OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion and supporting affidavits, each dated April 24, 1981, the defendant and third-party plaintiff moves for various forms of relief. There is no opposition to any aspect of the motion by either the original plaintiff or the third-party defendants.
The sole issue before the court is whether it has jurisdiction to grant the third-party plaintiff certain relief requested. Specifically, the court must determine whether it has jurisdiction to allow the third-party plaintiff to amend his complaint to increase the amount claimed in damages against the third-party defendant to $10,843.35 from $8,000. The demand, as amended, is in excess of the amount demanded in the primary action ($3,300.80 with interest), and also in excess of the monetary limitations of County Court as it would apply to the original action.
*40 Pursuant to subdivision 1 of section 190-b of the Judiciary Law, once jurisdiction attaches as a result of the original complaint, this court “possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, that the supreme court possesses in a like case; and it may render any judgment or grant either party any relief that the supreme court may render or grant in a like case”. Part of the effect of that section is to give the County Court jurisdiction over counterclaims (Howard Iron Works v Buffalo Elevating Co., 176 NY 1), cross claims (Smith Bros. Plumbing Co. v Engine Air Serv., 279 App Div 1082), and impleader actions such as the case at bar (Bussing v Whitaker, 177 App Div 95) without specifically limiting the subject matter of those secondary actions.
In and of itself, subdivision 1 of section 190-b of the Judiciary Law appears to be a salutary statute promoting rapid and complete settlement of litigation by one action. But applied in conjunction with the recent case of Cohen Agency v Perlman Agency (69 AD2d 725, affd 51 NY2d 358), it can lead to an apparently unintended result.
Prior to Cohen (supra), if a plaintiff sued a defendant who, as third-party plaintiff, impleaded a third-party defendant, pursuant to CPLR 1007, the damages recoverable from the third-party defendant were limited to the original plaintiff’s claim (Otto v Wegner, 11 Misc 2d 499; Victory Painters & Decorators v Miller, 198 Misc 196; Funt v Ruiz, 58 AD2d 801). Perforce, if the original action was within a County Court’s monetary limitations the subsequent third-party action could not exceed it. Cohen (supra) overruled this prior line of cases. Both the Supreme Court, Appellate Division, Second Department, and the Court of Appeals, in affirming, held that a third-party plaintiff may recover a judgment substantially in excess of his own liability to the original plaintiff.
Such a result is sound in that context of the Supreme Court’s extensive jurisdiction, but it may give rise to unnecessary litigation, and potential prejudice when a party is impleaded in County Court.
After Cohen (supra), a plaintiff can sue a defendant for damages well within this court’s monetary jurisdiction, *41 who can respond by impleading a third party for damages greatly in excess of the monetary limitations of the original claim. In contrast to a plaintiff who chooses County Court as his forum, and who can foresee possible exposure to unlimited damages from a counterclaim, the third-party defendant, who had no choice of forum, and who understandably wants such a large claim to be heard in Supreme Court, is left with only the remedy of a motion to dismiss addressed to the County Court’s discretion pursuant to CPLR 1010, and an expensive appeal should the motion be denied.
Success on the motion or on the appeal means only that the Pyrrhic victor faces more litigation in another action, albeit in a more appropriate court.
It should be noted that the third-party defendant must bear the burden of proof on the motion for dismissal, if he alleges that his rights will be prejudiced by the retention of the action in County Court. (Haines v Bero Eng. Constr. Corp., 230 App Div 332; Wood v Lyons, 233 App Div 791.)
Result notwithstanding, the imperative of statute and precedent requires this court to find that it has jurisdiction over the defendant’s third-party complaint, and that the damages sought may be in excess of the primary claim.
There being no opposition to the motion to amend the third-party complaint or any other aspect of the motion, the relief for which the defendant and third-party plaintiff prays is, in all respects, granted.