■ HENRY RAUSCH, Plaintiff, v JOSEPH GARLAND, Defendant and Third-Party Plaintiff-Appellant. WILLIS VERMILYEA, Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered October 9, 1981 in Greene County, which granted the third-party defendant's motion to dismiss the third-party complaint. Plaintiff brought suit for defamation claiming that on or about March 18, 1980 defendant Joseph Garland, in the presence of others, falsely and maliciously stated that "Henry Rausch stole $6,000 from the Youth Center". In a third-party complaint directed at respondent Vermilyea, defendant alleges that "on January 17, 1980" and prior occasions Vermilyea had falsely stated to others that Garland

had accused plaintiff of the theft from the Youth Center. The theory of the third-party complaint is that what reputational damage plaintiff suffered, if any, was due all or in part to Vermilyea's tortious declarations. Special Term concluded that impleader was unallowable and granted respondent's motion to dismiss. Although the impleader statute (CPLR 1007) is to be liberally construed to promote judicial economy and to avoid multiplicity of actions (*Cohen Agency v Perlman Agency,* 51 NY2d 358), it still remains that the third-party claim must be sufficiently related to the main action to at least raise the question of "whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff" (*Norman Co. v County of Nassau,* 63 Misc 2d 965, 969 [Meyer, J.]; see, also, *Holloway v Brooklyn Union Gas Co.,* 50 AD2d 603). Here the allegations of the third-party complaint, even if proven, could not result in any liability on the part of third-party defendant Vermilyea, for the latter's alleged false statements occurred approximately two months *before* Garland purportedly defamed plaintiff. The two incidents are thus entirely separate and distinct claims, involving different dates and different audiences. Even if Garland is found liable for any false statement he may have uttered, there is simply no logical basis for imposing liability on Vermilyea for the unrelated actions of another. The CPLR prescribes the proper procedures for amending one's pleadings; defendant's simple assurance to us in his appellate brief that reference in the third-party complaint to January 17, 1980 was an obvious typographical error and intended to be March 18, 1980, is not among them. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.