■ ABRAHAM AINSPAN et al., Plaintiffs, v CITY OF ALBANY et al., Defendants and Third-Party Plaintiffs-Respondents. GRUBB & ELLIS COMPANY et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered October 7, 1986 in Albany County, which denied the motion by various third-party defendants to dismiss the third-party complaint against them.

Third-party defendants Grubb & Ellis Company, G.M.R. Properties and Gulf Mortgage and Realty Investments (hereinafter third-party defendants) contend that the third-party complaint fails to state a cause of action and that, therefore, Special Term erred in denying their motion to dismiss. We conclude that although third-party practice in New York has evolved from its origins in strict indemnity and is now viewed "primarily as a tool for economical resolution of interrelated lawsuits" *(Cohen Agency v Perlman Agency,* 51 NY2d 358, 365), third-party defendants herein are not persons against whom a third-party claim may be brought. Special Term's order must, therefore, be reversed and the third-party complaint dismissed against third-party defendants.

In the main action herein, plaintiffs, as property owners in the Dunes and Pinehurst subdivisions in defendant City of Albany, seek a judgment declaring null and void certain special assessments imposed against their properties to recover the city's costs of installing public improvements (streets, sewers, etc.) in the subdivisions. The city installed the improvements after having been petitioned to do so in 1978 by third-party defendants, the developers of the subdivisions,

pursuant to a city ordinance (see, L 1929, ch 523). As a result, third-party defendants were able to obtain approval of the subdivisions in 1978 without first having to install the improvements themselves or post a performance bond, as required by General City Law § 33. After obtaining subdivision approval, third-party defendants constructed and sold homes in the subdivisions. Although the city completed its installation of the improvements in 1981, defendants did not confirm the special assessments resulting therefrom until 1984. During the interim, plaintiffs apparently purchased their homes within the subdivisions without knowledge of the pending assessments.

Defendants' approvals of the subdivisions were the subject of a CPLR article 78 proceeding commenced in 1978 by parties who are not involved in this lawsuit. When the merits of that proceeding came before this court in 1982, we held that the issue of the validity of defendants' approvals of the subdivisions had been rendered moot by the passage of time during which there had been substantial construction within the subdivisions and during which the suing parties were guilty of laches in seeking to protect their rights (Matter of Friends of Pine Bush v Planning Bd., 86 AD2d 246, 247-248, affd on opn below 59 NY2d 849). Because of the nature of the question presented in the case, however, we converted the proceeding into a declaratory judgment action and declared that the procedure followed by defendants "was clearly violative of the provisions of section 33 of the General City Law" (supra, at 249). We further ruled that the city ordinance pursuant to which the city installed the improvements did not provide an alternative to the requirements of General City Law § 33 and had "absolutely nothing to do * * * with the creation of new habitats in the form of subdivision plats" (supra, at 250).

In the declaratory judgment action at bar, plaintiffs contend that the assessments should be declared null and void on two theories: one, since this court has declared unlawful the procedure pursued by defendants in installing the improvements, it follows that the assessments resulting therefrom are unlawful and unenforceable; and two, since defendants waited some three years after completing the installation before confirming the assessments, during which time plaintiffs purchased their homes without knowledge of the pending assessments, defendants should be estopped from enforcing the assessments.

Having a clear picture of the nature of the relief sought by plaintiffs in the main action, we can now turn to the question

of the validity of the third-party complaint. CPLR 1007 permits a third-party complaint "against a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him". While this language does not limit the amount which may be recovered or the legal theories which may be asserted as the basis for a third-party claim, it does serve to identify the persons against whom a third-party claim may be brought *(Cohen Agency v Perlman Agency*, 51 NY2d 358, 365, *supra)*. Since plaintiffs in the main action have not asserted any claim upon which defendants may be found liable to plaintiffs, it appears that third-party defendants are not persons who may be liable to defendants for any of plaintiffs' claim against defendants. It is actually defendants who have asserted claims against plaintiffs in the form of the assessments and plaintiffs are seeking only declaratory and injunctive relief to prevent defendants from enforcing the assessments. The gist of defendants' third-party claim is that if plaintiffs succeed in preventing defendants from enforcing the assessments to recover the costs of installing the improvements, defendants should be permitted to proceed directly against third-party defendants to recover those costs. In effect, defendants' third-party claim seeks to recover costs incurred years before the main action was commenced, not for any liability defendants may incur to plaintiffs in the main action. Thus, despite expansion and liberalization of third-party practice in New York, third-party defendants do not fall within the category of persons specified in CPLR 1007. The third-party complaint should, therefore, be dismissed against third-party defendants.

Order reversed, on the law, with costs, motion granted and third-party complaint dismissed against third-party defendants Grubb & Ellis Company, G.M.R. Properties and Gulf Mortgage and Realty Investments, without prejudice to the commencement of a separate action. Mahoney, P. J., Main, Casey and Mikoll, JJ., concur.

Levine, J., concurs in a separate memorandum. Levine, J. (concurring). The majority appears to hold that, because plaintiffs in the primary action are seeking a declaration of no liability for tax assessments on the public improvements, the claim over does not lie under the literal language of CPLR 1007. In effect, this ruling would bar a third-party claim over in any declaratory action where the primary plaintiff is requesting an adjudication of no liability. I am not prepared to put such an absolute restriction on third-party practice, given the liberal construction which has been given to CPLR 1007

*(see, Cohen Agency v Perlman Agency,* 51 NY2d 358, 364-365). There may well be situations where a legal obligation of the third-party plaintiff arises out of or is contingent upon the nonliability of the plaintiff to the defendant, in which case impleader would be an appropriate, expeditious and efficient way to determine the interlocking jural relationships between all parties, within the intendment of CPLR 1007 *(see, Zurich Ins. Co. v White,* 129 AD2d 388; *BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93; *Rausch v Garland,* 88 AD2d 1021, 1022; *Norman Co. v County of Nassau,* 63 Misc 2d 965, 969 [Meyer, J.]; Siegel, NY Prac § 157, at 201). Here, however, the third-party complaint fails to allege any legal basis for liability of third-party defendants to pay for the improvements which *arise out of* the inability of defendant City of Albany to impose assessments against plaintiffs. No acts or omissions of third-party defendants have been pleaded which caused or contributed to the possible legal disability of the city to assess plaintiffs. Accordingly, I agree with the majority that the third-party complaint should have been dismissed.