■ Timothy H. Poley et al., Appellants, v Rochester Community Savings Bank et al., Respondents. Memorandum: On August 23, 1984, plaintiffs Poley and Lacagnina, the principal owners of APLAN Holding Company, agreed to the sale of APLAN to the Rochester Community Savings Bank (RCSB). The asset purchase agreement was executed by RCSB Planning Holding Company, a wholly owned subsidiary of RCSB, and provided that RCSB would be jointly liable for any obligations or payments. As part of the entire transaction, RCSB Planning Holding Company executed separate agreements employing Poley and Lacagnina until December 1989. After their termination from employment on September 11, 1986, Poley and Lacagnina commenced this action, seeking, *inter alia,* amounts due under their employment contracts for their salaries and signing bonuses. Following joinder of issue, plaintiffs sought partial summary judgment, claiming that their conduct was not so "gross and willful" as to warrant their dismissal and that RCSB was jointly liable for the salary and bonus payments.

We conclude that Special Term correctly denied plaintiffs' motion for partial summary judgment. Although Poley and Lacagnina could be dismissed for "gross, willful failure or refusal" to perform their duties, the agreement does not further define what was intended by the terms "gross" and "willful." Since the contract language is not plain and unambiguous, a factual issue exists as to its meaning *(see, Amusement Business Underwriters v American Intl. Group,* 66 NY2d 878). The provision whereby RCSB agreed to be jointly liable

was contained in the asset purchase agreement, not the employment contracts. Construing the conflicting affidavits in a light favorable to defendants *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Robinson v Strong Mem. Hosp.,* 98 AD2d 976), a factual issue was raised as to whether the parties intended the assumption of joint liability to apply to obligations contained in the employment agreement thereby precluding summary judgment.

The motion to dismiss this appeal is denied. Although an appeal is mooted by the service of an amended complaint after an appeal is perfected *(Smith v Russell Sage Coll.,* 78 AD2d 913, *affd* 54 NY2d 185), the sufficiency of plaintiff's complaint is not an issue on this appeal. (Appeal from order of Supreme Court, Monroe County, Wagner, J.—summary judgment.) Present—Dillon, P. J., Boomer, Balio and Lawton, JJ.