■ FIDELITY NATIONAL TITLE INSURANCE COMPANY, Plaintiff, v ALTSHULER SHAHAM PROVIDENT FUNDS LTD, Formerly Known as PERFECT PROVIDENT FUND LTD, Defendant/Third-Party Plaintiff-Respondent. JAECKLE FLEISCHMANN & MUGEL LLP, Third-Party Defendant-Appellant. PERFECT PROVIDENT FUND LTD, Respondent, v JAECKLE FLEISCHMANN & MUGEL LLP, Appellant. [992 NYS2d 427]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 21, 2013, which granted Altshuler Shaham Provident Funds Ltd.'s motion to transfer the Erie County action to New York County, granted Altshuler's motion to consolidate the actions to the extent of consolidating the actions for discovery and other pretrial proceedings and deferring a determination as to whether to consolidate the actions for trial until after the completion of discovery and the determination of any dispositive motions, and denied Jaeckle Fleischmann & Mugel LLP's motion to dismiss the amended third-party complaint in the New York County action, unanimously reversed, on the law and the facts, with costs, Altshuler's motion to transfer and consolidate denied, and Jaeckle's motion to dismiss granted without prejudice to the continued prosecution of the Erie County action. The Clerk is directed to enter judgment dismissing the amended third-party complaint in the New York County action.

This action stems from a failed loan relating to commercial real estate in Syracuse, New York (*see generally Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC*, 21 NY3d 352 [2013]). Fidelity National Title Insurance Company issued a policy to Altshuler. In the New York County action, plaintiff Fidelity seeks a declaration that it properly denied coverage to defendant Altshuler. In the amended third-party complaint against Jaeckle, Altshuler asserts that Jaeckle committed legal malpractice by failing to, among other things, obtain adequate title insurance. The amended third-party complaint should have been dismissed for failure to state a cause of action (CPLR 3211 [a] [7]), because Fidelity did not make a claim against Altshuler for which Jaeckle "is or may be liable" (CPLR 1007; *see Merchants Mut. Ins. Co. v Valilis*, 11 AD2d 324, 326 [1st Dept 1960]; *Ainspan v City of Albany*, 132 AD2d 911, 913 [3d Dept

1987]). Based on the foregoing determination, it is unnecessary to reach Jaeckle's other arguments in support of dismissal of the amended third-party complaint.

The motion court should have denied Altshuler's motion to consolidate the New York County and Erie County actions (*see County of Westchester v White Plains Ave., LLC*, 105 AD3d 690, 691 [2d Dept 2013]). As we are dismissing the amended third-party complaint in the New York County action, the two actions no longer present common questions of law or fact (*see* CPLR 602 [a]). The issue in the New York County action is whether Fidelity properly disclaimed coverage; this will turn on the wording of the policy, not whether Jaeckle committed malpractice by obtaining the wrong type of policy. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.